**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**ROMAN SEBASTIAN MONZON,**

       Plaintiff,

v.                                           Civil Action No. **3:23CV794**

**KEVIN MCCOY,**

       Defendant.

**MEMORANDUM OPINION**

Plaintiff, a Virginia prisoner proceeding *pro se*, filed this civil action. On November 30, 2023, the Court conditionally docketed Plaintiff's action. Plaintiff requested leave to proceed *in forma pauperis*. By Memorandum Order entered on January 8, 2024, the Court directed Plaintiff to pay an initial partial filing fee of $1.33 or state under penalty of perjury that he did not have sufficient assets to pay such a fee within thirty (30) days of the date of entry thereof. *See* 28 U.S.C. § 1915(b)(1). Because Plaintiff neither paid the initial partial filing fee nor averred that he cannot pay such a fee, by Memorandum Opinion and Order entered on February 15, 2024, the Court dismissed the action. On February 20, 2024, the Court received a sworn statement indicating that he could not pay. (ECF No. 10.)[1]

On March 6, 2024, the Court received a Motion to Reinstate. (ECF No. 11.) The Court will treat the request for reconsideration as one for relief under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th

---

[1] This letter was received in the Sussex Mailroom on February 16, 2024. (ECF No. 10–1, at 2.)

Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Here, it appears that relief is warranted in order to prevent manifest injustice. Plaintiff indicates that he submitted his response indicating that he could not pay the filing fee to prison officials for mailing on January 19, 2024. (ECF No. 11, at 1.) Prison officials, however, waited until February 15, 2024, to bill him for postage and mail the document. (*Id.*) It therefore appears that Plaintiff placed his response in the prison mailing system on January 19, 2024, and his response is deemed timely. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (deeming notice of appeal filed at time prisoner delivered it to the prison authorities for mailing).

Accordingly, Plaintiff's Rule 59(e) Motion, (ECF No. 11), will be GRANTED. The Memorandum Opinion and Order entered on February 15, 2024, will be VACATED. The Court will continue to process the action.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 3/20/24
Richmond, Virginia